IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SPENCER TYRONE DALTON | : | CIVIL ACTION |
| v. | : | |
| GABRIEL LEVIN | : | NO. 10-1295 |

MEMORANDUM

ROBRENO, J.                                         APRIL 23, 2010

Plaintiff, a prisoner, has filed a pro se 42 U.S.C. § 1983 civil rights lawsuit against Gabriel Levin, Esq., who served as plaintiff's criminal defense attorney. Plaintiff alleges that Mr. Levin violated his civil rights by failing provide effective assistance of counsel. Specifically, plaintiff alleges that Mr. Levin committed legal malpractice by incorrectly counseling him that he would receive a sentence of 6 to 12 years if he accepted a plea bargain. Plaintiff asserts that he accepted the plea bargain, however, "the plea was never honored," and he was sentenced to 22 to 43 years. Plaintiff instructed Mr. Levin to withdraw his plea, but he failed to do so and, thereafter, would not communicate with plaintiff or his family, and refused to return any portion of his $13,000 legal fee. As relief, plaintiff seeks damages.

With his complaint, plaintiff filed a request for leave to proceed in forma pauperis, which will be granted. However, the complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e), for the reasons which follow.

## I. STANDARD OF REVIEW

The standard under which a district court may dismiss an action as frivolous under 28 U.S.C. § 1915(e) was clarified by the Supreme Court in Neitzke v. Williams, 490 U.S. 319 (1989). Dismissal under § 1915(e) is appropriate both when the action is "based on an indisputably meritless legal theory" and when it posits "factual contentions [that] are clearly baseless." Id. at 327.

## II. DISCUSSION

In order to bring suit under § 1983, the plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. Kost v. Kozakiewicz, 1 F.3d 176, 185 (3d Cir. 1993) (listing elements of a § 1983 claim). The Supreme Court has determined that a defense attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981) (footnote omitted). This is the case regardless of whether the attorney is court appointed, or privately retained as in the case at hand. Black v. Bayer, 672 F.2d 309 (3d Cir.), cert. denied, 459 U.S. 916 (1982).

Since the defendant in this case was not acting under color of state law while acting as plaintiff's criminal defense counsel, he is not subject to liability under § 1983. Having failed to state a cognizable federal claim under § 1983, plaintiff's complaint must be dismissed as legally frivolous.

## II. CONCLUSION

Because plaintiff has advanced an "indisputably meritless legal theory," Neitzke, supra at 327, the Court is empowered to dismiss this action as legally frivolous pursuant to 28 U.S.C. § 1915(e).

An appropriate order follows.